**GREENSPOON MARDER LLP**
Kelly M. Purcaro, Esq.
Kory Ann Ferro, Esq.
One Riverfront Plaza
1037 Raymond Blvd., Suite 900
Newark, New Jersey 07102
Tel.: (732) 456-8746
Kelly.Purcaro@gmlaw.com
KoryAnn.Ferro@gmlaw.com

**RAJ FERBER PLLC**
Kiran Raj (*Pro Hac Vice* forthcoming)
Ryan Scott Ferber (*Pro Hac Vice* forthcoming)
1629 K Street NW, Suite 300
Washington, DC 20006
Tel.: (202) 827-9785
kiran@rajferber.com
scott@rajferber.com

*Attorneys for Defendant DarkOwl, LLC*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons,* PATRICK COLLIGAN, and PETER ANDREYEV,<br><br>*Plaintiffs,*<br>v.<br><br>DARKOWL, LLC, RICHARD ROES 1-10, *fictitious names of unknown individuals and* ABC COMPANIES 1-10, *fictitious names of unknown entities,*<br><br>*Defendants.* | Case No.:<br><br>Civil Action<br><br>**NOTICE OF REMOVAL** |

**TO:**  The Clerk of the Court
U.S. District Court
District of New Jersey
Martin Luther King, Jr. Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

**WITH NOTICE TO:**

Clerk of the Superior Court
Superior Court of New Jersey
Essex County Civil Division
365 Martin Luther King Jr. Blvd.
Newark, NJ 07102

Hon. Richard T. Sules
Superior Court of New Jersey
Essex County Civil Division
365 Martin Luther King Jr. Blvd.
Newark, NJ 07102

PEM LAW LLP
Rajiv D. Parikh
Kathleen Barnett Einhorn
Jessica A. Merejo
1 Boland Drive, Suite 1010
West Orange, New Jersey 07052

MORGAN & MORGAN P.A.
John A. Yanchunis
Ryan J. McGee
201 N. Franklin Street, 7th Floor
Tampa, FL 33602

BIRD MARELLA RHOW
LINCENBERG DROOKS NESSIM LLP
Ekwan E. Rhow
Elliot C. Harvey Schatmeier
1875 Century Park East, 23rd Floor
Los Angeles, CA 90067

## **D.N.J. LOCAL RULE 10.1 STATEMENT**

Plaintiffs in this action include Atlas Data Privacy Corporation ("Atlas").

Atlas' address is 201 Montgomery St., Suite 263, Jersey City, NJ 07302.  Plaintiffs

are represented by Rajiv D. Parikh, Esq., Kathleen Barnett Einhorn, Esq., and Jessica

A. Merejo of PEM Law LLP, 1 Boland Drive, Suite 1010,   West   Orange,   New

Jersey 07052; John A. Yanchunis, Esq. and Ryan J. McGee of Morgan and Morgan, P.A., 201 N. Franklin Street, 7th Floor, Tampa, FL 33602; and Ekwan E. Rhow, Esq. and Elliot C. Harvey, Esq. of Bird Marella Rhow Lincenberg Drooks Nessim LLP, 1875, Century Park East, 23rd Floor, Los Angeles, CA 90067.  The additional named Plaintiffs are Patrick Colligan and Peter Andreyev, both of whom are alleged citizens of New Jersey.

Defendant is DarkOwl, LLC ("DarkOwl") with its address at 1775 North Sherman Street, Suite 1790, Denver, CO 80203.[1]  DarkOwl is represented by Kelly M. Purcaro, Esq. and Kory Ann Ferro, Esq. of Greenspoon Marder LLP, One Riverfront Plaza, 1037 Raymond Blvd., Suite 900, Newark, NJ 07102 and will be submitting for *pro hac vice* admission of Kiran Raj, Esq. and Ryan Scott Ferber, Esq. of Raj Ferber PLLC, 1629 K Street NW, Suite 300, Washington, DC 20006.

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant DarkOwl hereby removes the above-entitled action, styled Docket No. ESX-L-007210-24, *Atlas Data Privacy Corp, et al. v. DarkOwl, LLC, et al.*, and all claims and causes of action therein, from the Superior Court of New Jersey, Essex County, to the United States District Court for the District of New Jersey.

---

[1] For  complete listing of DarkOwl's members, *see* the accompanying Disclosure Statement Pursuant to *Fed. R. Civ. P.* 7.1(a)(2).

DarkOwl denies any liability in this case, denies the allegations of Plaintiffs' Complaint, and reserves all rights to contest, amongst other things, the sufficiency of service of process, the existence of personal jurisdiction, and the merits of all claims in Plaintiffs' Complaint or any subsequent pleading.  For purposes of the jurisdictional requirements for this removal only, the allegations of Plaintiffs' Complaint meet the requirements for jurisdiction under 28 U.S.C. § 1332 (a) and demonstrate that removal to this Court is proper.

In support of removal, DarkOwl respectfully submits the following:

<u>**STATEMENT OF THE CASE**</u>

1.     Plaintiffs are comprised of two individuals and Atlas, as purported assignee of 19,014 "covered persons," under Daniel's Law, *N.J.S.A.* 47:1A-1, *et seq.* and *N.J.S.A.* 56:8-166.1.  Plaintiffs initiated this action through the filing of their Complaint on or about October 16, 2024 in the Superior Court of New Jersey, Essex County, entitled *Atlas Data Privacy Corp, et al. v. DarkOwl, LLC, et al.*, Docket No. ESX-L-007210-24 (the "State Court Action").  Pursuant to 28 U.S.C. § 1446(a) and L. Civ. R. 5.1(e), a copy of all process, pleadings, and orders filed to date in the State Court Action are attached hereto as **Exhibit A**.

2.     This action is one of approximately 150 filed by Atlas asserting violations of Daniel's Law, a recently enacted statute aimed at protecting the home addresses and unpublished home telephone numbers of judges, law enforcement

officers, child protective investigators, prosecutors, and their immediate family members from being disclosed online. Plaintiffs allege that the statute enables such individuals ("covered persons") to request that a business or website remove their information and refrain from disclosure of same. It is further alleged that Daniel's Law provides a ten-business-day compliance timeline from receipt of valid notice and provides for actual damages of "not less than liquidated damages computed at the rate of $1,000 for each violation." *N.J.S.A.* 56:8-166.1.

3.    Plaintiffs allege that DarkOwl "offer[s] and engage[s] in the disclosure of data and information through one or more websites or applications, or otherwise in New Jersey, and to businesses and individuals who operate or reside in New Jersey" including through "darkowl.com." Compl. at ¶ 37.

4.    Plaintiffs further allege that, "[s]tarting on or about December 30, 2023, each of the Individual Plaintiffs and all of the Covered Persons (who assigned claims to Atlas) sent [DarkOwl] written nondisclosure requests (via email) in accordance with Daniel's Law, using AtlasMail." *Id.* at ¶ 49.

5.    Plaintiffs claim that DarkOwl "failed to cease the disclosure or re-disclosure on the Internet or otherwise making available of the protected information of the Individuals Plaintiffs [sic] and Covered Persons within the time period required by Daniel's Law." *Id.* at ¶ 51.

6.    Plaintiffs assert a single cause of action against DarkOwl for an alleged

violation of Daniel's Law and seek: (1) immediate compliance with Daniel's Law; (2) actual damages "not less than liquidated damages under Daniel's Law, at '$1,000 for each violation'"; (3) punitive damages; (4) attorneys' fees, interest, and litigation costs incurred; and (5) injunctive relief.

7.     DarkOwl was served the Complaint via process server on October 21, 2024. *See* Ex. A, Proof of Service, Trans ID LCV20242790796.  DarkOwl does not admit to sufficiency of service of process and preserves all defenses.

8.     This Notice of Removal is based on the allegations of the Complaint and does not admit the truth or facts asserted in the Complaint, the validity of Plaintiffs' claims, or the entitlement to any form of relief.  DarkOwl expressly denies that Plaintiffs are entitled to any relief and preserves all available defenses. Nothing contained herein shall be deemed a waiver of any kind.

## LEGAL STANDARD

9.     "Under 28 U.S.C. § 1441, 'any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court.'" *Farrell v. FedEx Ground Package Sys., Inc.*, 478 F. Supp. 3d 536, 539–40 (D.N.J. 2020).

10.     "[A] defendant seeking to remove a case to a federal court must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574

U.S. 81, 87, 135 S. Ct. 547, 553, 190 L. Ed. 2d 495 (2014) (quoting 28 U.S.C. § 1446(a)).  "By borrowing Rule 8(a)'s 'short and plain statement' standard, corroborative history indicates, Congress intended to clarify that courts should apply the same liberal rules [to removal allegations as] to other matters of pleading." *Id.* (citations omitted) (alteration in original).

11.    "No evidentiary support is required, and the Court should accept a removing defendant's allegations unless they are contested by the plaintiff or questioned by the Court." *Farrell*, 478 F. Supp. 3d at 540.  "When the sufficiency of the jurisdictional allegations in a notice of removal is challenged, the parties must submit proofs for the court to decide, by a preponderance of the evidence, whether the jurisdictional requirements are satisfied." *Id.*

12.    "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* (internal quotation marks and citations omitted) (alteration in original).  "[T]he sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy."  28 U.S.C. § 1446.  Where "the plaintiff's complaint does not include a specific monetary demand, the removing defendant need only 'plausibl[y] alleg[e]' the amount in controversy." *Yucis v. Sears Outlet Stores*, LLC, 813 F. App'x 780, 783 (3d Cir. 2020) (citation omitted).  "Defendant's concession as to the amount in controversy pled in the Complaint [] does not translate into a concession as to the

merits or adequacy of Plaintiff's pleading or an admission that it acted in bad faith."
*Schor v. State Farm Fire & Cas. Ins. Co.*, No. CIV.A. 15-610, 2015 WL 1230200,
at *4 (E.D. Pa. Mar. 18, 2015).

**BASIS FOR REMOVAL**

13.    DarkOwl may remove this action based on diversity jurisdiction
pursuant to 28 U.S.C. § 1332(a) because it is a civil action between citizens of
different states and, upon information and belief, the amount in controversy exceeds
the sum of $75,000, exclusive of interests and costs. *See* 28 U.S.C. §§ 1441(b) and
1446(b).

14.    Venue is proper in this district because the District of New Jersey
embraces the county where the above action is pending.

**A.    There is Complete Diversity of Citizenship Among the Parties**

15.    This action satisfies the complete diversity requirement of 28 U.S.C §
1332(a)(1).

16.    Although the addresses of the individual Plaintiffs are not included in
the Complaint, the allegations therein, and the applicability of Daniel's Law to
"covered persons" in New Jersey, confirms that each individual Plaintiff is a current
or former New Jersey law enforcement officer currently "liv[ing] or working in New
Jersey" as follows:

a.    Plaintiff Patrick Colligan "is a 32-year veteran of the Franklin

8

Township police department in Somerset, New Jersey." Compl. at ¶ 18.

     b.    Plaintiff Peter Andreyev "is a 32-year veteran of the Point Pleasant, New Jersey Police Department." *Id.* at ¶ 19.

17.    Notably, under New Jersey law, "[e]very member of a police department and force shall be a resident of the State of New Jersey while serving in such position." *N.J.S.A.* 40A:14-122.8. As such, based upon the allegations of the Complaint, all individual Plaintiffs are New Jersey citizens.

18.    Plaintiff Atlas "is a Delaware corporation, with offices at 201 Montgomery Street, Suite 263, Jersey City, New Jersey 07302." *Id.* at ¶ 25. Atlas is thus a citizen of Delaware and New Jersey.[2]

19.    At the commencement of the State Court Action, and at all relevant times herein, DarkOwl was not and is not a citizen of the State of New Jersey or, to the extent applicable, the State of Delaware. DarkOwl is, and at all times relevant to this Notice of Removal has been, organized under the laws of Colorado with its principal place of business in Colorado and is thus a citizen of Colorado. Moreover, none of DarkOwl's members are residents of the State of New Jersey or, to the extent

---

[2] To the extent the citizenship of Atlas' purported 19,014 assignee's controls (*see A.K. v. Fid. & Guar. Ins. Underwriters, Inc.*, No. CV2120717MASJBD, 2023 WL 6231147, at *3 (D.N.J. Aug. 14, 2023)), the citizenship would thereby be reduced to New Jersey as Atlas claims each assignee "resides, works, previously resided or worked in New Jersey[.]" Compl. at ¶ 23.

applicable, the State of Delaware. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015). As set forth in the accompanying Disclosure Statement Pursuant to *Fed. R. Civ. P.* 7.1(a)(2), DarkOwl's members are residents of Colorado, California, Pennsylvania, New York, Florida, Missouri, Wyoming, Georgia, Virginia, Utah, Texas, Montana, Maryland, Oregon, Tennessee, Arizona, North Carolina, and Washington, DC.

20.    The citizenship of fictitious Defendants RICHARD ROES 1-10 and ABC COMPANIES 1-10 is disregarded for purposes of diversity. *See* 28 U.S.C. § 1441(b)(1).

21.    As such, Plaintiffs and Defendant are not citizens nor residents of the same state and complete diversity of citizenship exists pursuant to 28 U.S.C. § 1332(a)(1).

**B.    The Amount in Controversy, as Pled, Exceeds the $75,000 Threshold**

22.    The amount in controversy, as pled by Plaintiffs in their Complaint, exceeds the $75,000 jurisdictional requirement of 28 U.S.C. 1332(a). As previously stated, DarkOwl does not admit the truth or facts asserted in the Complaint, the validity of Plaintiffs' claims, or the entitlement to any form of relief. The amount in controversy is derived, as required, solely based upon Plaintiffs' Complaint.

23.    Plaintiffs allege that "[a]s a result of [DarkOwl's] failures to comply with Daniel's Law," the two named Plaintiffs and the 19,014 individuals who

purportedly assigned their claims to Atlas "have suffered damages[.]" Compl. at ¶ 62. Plaintiffs request, amongst other relief, "actual damages, not less than liquidated damages under Daniel's Law, at '$1,000 for each violation.'" *Id.* at Wherefore subsection (B). Thus, the alleged amount in controversy far exceeds the requisite $75,000 jurisdictional threshold based upon the liquidated damages claim alone at $1,000 for each of the apparent 19,014 Plaintiffs (potentially in more than $19 million). *See Nat'l Recovery Sys. v. Ornstein*, 541 F. Supp. 1131, 1133 (E.D. Pa. 1982) ("Aggregation is permissible even where some or all of the claims have come to plaintiff by way of assignment[.]"); 28 U.S.C. § 1332(d)(6) (noting mandatory aggregation of claims in class actions for purposes of determining the amount in controversy).

24.     While the claimed liquidated damages could alone satisfy the threshold, Plaintiffs' claim for punitive damages increases the amount in controversy well beyond $75,000. *See Bell v. Preferred Life Assur. Soc. of Montgomery, Ala.*, 320 U.S. 238, 240, 64 S. Ct. 5, 6, 88 L. Ed. 15 (1943) ("Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount."); *Frederico v. Home Depot*, 507 F.3d 188, 199 (3d Cir. 2007) ("In addition, [plaintiff] is seeking punitive damages, which we must consider when calculating the amount in controversy."). Under New Jersey law, punitive damages are calculated as the greater of five times compensatory

damage or $350,000. N.J.S.A. 2A:15-5.14. Thus, Plaintiffs' demand for punitive damages in and of itself satisfies the jurisdictional threshold.

25.    Daniel's Law provides for the permissive award of "reasonable attorneys' fees." N.J.S.A. 56:8-166.1(c)(3). Plaintiffs' demand for attorneys' fees and litigation costs incurred pursuant to the statute thereby also increases the amount in controversy for purposes of a removal analysis. *See Frederico*, 507 F.3d at 199 (In determining the amount in controversy, the Court "must also consider attorney's fees," which "could be as much as thirty percent of the judgment."); *Suber v. Chrysler Corp.*, 104 F.3d 578, 585 (3d Cir. 1997), as amended (Feb. 18, 1997) ("[I]n calculating the amount in controversy, we must consider potential attorney's fees."); *Thompson v. Travelers Indem. Co.*, No. 23CV02630ZNQDEA, 2024 WL 340933, at *2 (D.N.J. Jan. 30, 2024) ("With regard to the amount-in-controversy, an award of attorneys' fees also must be included as part of that determination where such an award is provided for by statute.").

26.    Accordingly, even omitting Plaintiffs' alleged potential actual damages (beyond the $1,000 liquidated damages amount) and cost of the injunctive relief demanded, Plaintiffs' Complaint undoubtedly asserts damages far in excess of the $75,000 jurisdictional threshold.

## C.    All Procedural Prerequisites for Removal are Satisfied

27.    Removal is made to the proper Court as required by 28 U.S.C. §

1441(a). This action, filed in the Superior Court of New Jersey, Essex County, is being removed to the United States District Court for the District of New Jersey, which embraces the place where the action is pending.

28.    Removal is timely under 28 U.S.C. § 1446(b) because, as DarkOwl was served on October 21, 2024 (*see* Exhibit A, Proof of Service, Trans ID LCV20242790796), this Notice is filed within 30 days of receipt of service "of the initial pleading setting forth the claim for relief upon which such action or proceeding."

29.    DarkOwl has complied and will comply with 28 U.S.C. §§ 1446(a) and (d) by: (1) attaching a true and correct copy of all process, pleadings, or orders on file in the State Court Action as Exhibit A; (2) promptly filing a Notice of Filing of Removal, with a copy of this Notice of Removal attached thereto, with the clerk of the Superior Court, Essex County, under Docket No. ESX-L-007210-24; and (3) promptly serving a Notice of Filing of Removal, with a copy of this Notice of Removal attached thereto, upon counsel for Plaintiffs.

30.    No previous application has been made for the relief requested herein.

31.    This notice has been signed pursuant to *Fed. R. Civ. P.* 11.

## <u>CONCLUSION</u>

By this Notice, Defendant DarkOwl does not waive any objections or defenses, including, but not limited to, insufficiency of service of process, lack of

jurisdiction, improper venue, *forum non conveniens*, or failure to state a claim. DarkOwl does not admit any fact, law, or liability by this Notice, and instead makes an express reservation of all rights, defenses, claims, motions, and pleas.

      **WHEREFORE**, Defendant DarkOwl, Inc. respectfully requests this action be removed to this Court for determination, all further proceedings in the State Court Action be stayed, and for all other relief this Court deems just and proper.

DATED: November 20, 2024          Respectfully submitted,

                    */s/ Kelly M. Purcaro*

                    **GREENSPOON MARDER LLP**
                    Kelly M. Purcaro, Esq.
                    Kory Ann Ferro, Esq.
                    One Riverfront Plaza
                    1037 Raymond Blvd., Suite 900
                    Newark, New Jersey 07102
                    Tel.: (732) 456-8746
                    Kelly.Purcaro@gmlaw.com
                    KoryAnn.Ferro@gmlaw.com

                    **RAJ FERBER PLLC**
                    Kiran Raj (*Pro Hac Vice* forthcoming)
                    Ryan Scott Ferber (*Pro Hac Vice*
                    forthcoming)
                    1629 K Street NW, Suite 300
                    Washington, DC 20006
                    Tel.: (202) 827-9785
                    kiran@rajferber.com
                    scott@rajferber.com

                    *Attorneys for Defendant DarkOwl, LLC*

## <u>CERTIFICATION OF NON-ARBITRABILITY<br>PURSUANT TO L. CIV. R. 201.1(d)(3)</u>

I certify, pursuant to L. Civ. R. 201.1(d)(3), that the above-captioned matter is not arbitrable because the amount in controversy exceeds the sum of $150,000 exclusive of interest and any claim for punitive damages,

I certify under penalty of perjury that the foregoing is true and correct.

Executed this 20th day November, 2024

*/s/ Kelly M. Purcaro*
Kelly M. Purcaro

## <u>CERTIFICATION PURSUANT TO L. CIV. R. 11.2</u>

I certify that, to the best of my knowledge, the matter in controversy is not the subject of any other action pending in any court, other than the State Court Action from which removal is requested, or pending in any arbitration or administrative proceeding. Noting, while not the same defendants, numerous other companies/defendants sued by the same or similar plaintiffs have sought to remove their state court actions to this Court. Those cases are as follows:

1. *Atlas Data Privacy Corporation, et al. v. WE Inform, LLC,* Docket No. MRS-L-000379-24;

2. *Atlas Data Privacy Corporation, et al. v. Lightbox Parent, L.P. et al.,* Docket No. MER-L000309-24;

3. *Atlas Data Privacy Corporation, et al. v. 6Sense Insights, Inc. et al.,* Docket No. MID-000988-24;

4.      *Atlas Data Privacy Corporation, et al. v. DM Group, Inc. et al.,* Docket No. MID-L-000990-24;

5.      *Atlas Data Privacy Corporation, et al. v. Red Violet, Inc. et al.,* Docket No. MON-L-000482-24;

6.      *Atlas Data Privacy Corporation, et al. v. Search Quarry, LLC, et al.,* Docket No. MON-L-000516-24;

7.      *Atlas Data Privacy Corporation, et al. v. Twilio, Inc. et al.,* Docket No. MRS-L-000226-24;

8.      *Atlas Data Privacy Corporation, et al. v. Blackbaud, Inc., et al.,* Docket No. MRS-L-000243-24;

9.      *Atlas Data Privacy Corporation, et al. v. Development, LLC, et al.,* Docket No. MRS-L-000244-24;

10.      *Atlas Data Privacy Corporation, et al. v. The People Searchers, LLC, et al.,* Docket No. MRS-L-000257-24;

11.      *Atlas Data Privacy Corporation, et al. v. Carco Group, Inc. et al.,* Docket No. MRS-L-000270-24;

12.      *Atlas Data Privacy Corporation, et al. v. Commercial Real Estate Exchange, Inc.,* Docket No. MRS-L-000271-24*;*

13.      *Atlas Data Privacy Corporation, et al. v. Enformion, LLC, et al.*, Docket No.: BER-L-000767-24;

14.      *Atlas Data Privacy Corporation, et al. v. Enformion, LLC, et al.*, Docket No.: BER-L-000770-24;

15.      *Atlas Data Privacy Corporation, et al. v. Deluxe Corporation, et al.,* Docket No.: BER-L-000821-24;

16.      *Atlas Data Privacy Corporation, et al. v. Yardi Systems, Inc., et al.* Docket No.: BER-L-000856-24;

17.     *Atlas Data Privacy Corporation, et al. v. Re/Max, LLC, et al.,* Docket No.: BER-L-000871-24;

18.     *Atlas Data Privacy Corporation, et al. v. Infomatics LLC, et al.,* Docket No.: BER-L-000872-24;

19.     *Atlas Data Privacy Corporation, et al. v. Quantarium Alliance, LLC, et al.,* Docket No.: BER-L-000878-24;

20.     *Atlas Data Privacy Corporation, et al. v. Oracle International Corporation, et al.,* Docket No.: BER-L-000917-24;

21.     *Atlas Data Privacy Corporation, et al. v. Whitepages, Inc., et al.,* Docket No.: MER-L-000270-24;

22.     *Atlas Data Privacy Corporation, et al. v. Axiom LLC, et al.,* Docket No.:  MER-L-000283-24;

23.     *Atlas Data Privacy Corporation, et al. v. Hiya, Inc., et al. ,* Docket No.: MER-L-000285-24;

24.     *Atlas Data Privacy Corporation, et al. v. Spokeo, Inc., et al.,* Docket No. MRS-L-000227-24;

25.     *Atlas Data Privacy Corporation, et al. v. i360, LLC, et al.,* Docket No. MER-L-000297-24;

26.     *Atlas Data Privacy Corporation, et al. v. Telnyx LLC, et al.,* Docket No. MRS-L-000260-24;

27.      *Atlas Data Privacy Corporation, et al. v. Civil Data Research, LLC, et al.,* Docket No.: MER-L-292-24;

28.     *Atlas Data Privacy Corporation, et al. v. Scalable Commerce, LLC, et al.,* Docket No.:  BER-L-771-24;

29.    *Atlas Data Privacy Corporation, et al. v. Epsilon Data Management, LLC, et al.,* Docket No.: MON-L-000533-24;

30.    *Atlas Data Privacy Corporation, et al. v. Labels & Lists, Inc., et al.,* Docket No.: BER-L-000812-24;

31.    *Atlas Data Privacy Corporation, et al. v. Innovis Data Solutions, Inc., et al.,* Docket No.: MRS-L-000285-24;

32.    *Atlas Data Privacy Corporation, et al. v. Claritas, LLC, et al.* Docket No.: BER-L-000868-24;

33.    *Atlas Data Privacy Corporation, et al. v. People Data Labs, Inc.,* Docket No.: MON-L-000515-24;

34.    *Atlas Data Privacy Corporation, et al. v. Reminie Inc., et al.,* Docket No.: MRS-L-000258-24;

35.    *Atlas Data Privacy Corporation, et al. v. Accurate Append, Inc., et al.,* Docket No.: MID-L-000848-24;

36.    *Atlas Data Privacy Corporation, et al. v. Teltech Systems, Inc., et al.,* Docket No.: MID-L-000859-24;

37.    *Atlas Data Privacy Corporation, et al. v. Peopleconnect, Inc., et al., Docket No.:* MON-L-000484-24;

38.    *Atlas Data Privacy Corporation, et al. v. Black Knight Technologies, LLC, et al.,* Docket No.: MER-L-000271-24;

39.    *Atlas Data Privacy Corporation, et al. v. Equimine, Inc. d/b/a Propstream, et al.,* Docket No.: MON-L-535-24;

40.    *Atlas Data Privacy Corporation, et al. v. Choreograph LLC et al.,* Docket No.: BER-L-00920-24;

41.    *Atlas Data Privacy Corporation, et al. v. Melissa Data Corp, et al.,* Docket No.: MRS-L-224-24;

42. *Atlas Data Privacy Corporation, et al. v. Equifax, et al.,* Docket No.: BER-L-000919-24;

43. *Atlas Data Privacy Corporation, et al. v. Zillow, Inc., et al.,* Docket No.: BER-L-000874-24;

44. *Atlas Data Privacy Corporation, et al. v. Transunion, LLC, et al.,* Docket No.: BER-L-000810-24;

45. *Atlas Data Privacy Corporation, et al. v. Restoration of America, et al., Docket No.:* MON-L-000510-24.

46. *Atlas Data Privacy Corporation, et al. v. First American Financial Corporation, et al.*, Docket No. MID-L-000915-24;

47. *Atlas Data Privacy Corporation, et al. v. Belles Camp Communications, Inc., et al.*, Docket No. MON-L-000508-24;

48. *Atlas Data Privacy Corporation, et al. v. The Lifetime Value Co. LLC, et al.*, Docket No. MER-L-000272-24;

49. *Atlas Data Privacy Corporation, et al. v. Valassis Digital Corp., et al.*, Docket No. MER-L-000290-24;

50. *Atlas Data Privacy Corporation, et al. v. Outside Interactive, Inc.*, Docket No. MID-L-000849-24;

51. *Atlas Data Privacy Corporation, et al. v. Rocketreach LLC, et al.*, Docket No. BER-L-000873-24;

52. *Atlas Data Privacy Corporation, et al. v. Nuwber, Inc., et al.*, Docket No. MRS-L-000225-24;

53. *Atlas Data Privacy Corporation, et al. v. Precisely Holdings, LLC, et al.*, Docket No. BER-L-000819-24;

54. *Atlas Data Privacy Corporation, et al. v. Wiland, Inc., et al.*, Docket No. MON-L-000577-24;

55. *Atlas Data Privacy Corporation, et al. v. Atdata, LLC, et al.*, Docket No. BER-L-000867-24;

56. *Atlas Data Privacy Corporation, et al. v. E-Merges.com, Inc.*, Docket No. BER-L-000854-24;

57. *Atlas Data Privacy Corporation, et al. v. Joy Rockwell Enterprises, Inc., et al.*, Docket No. MON-L-000486-24;

58. *Atlas Data Privacy Corporation, et al. v. Gohunt, LLC, et al.*, Docket No. BER-L-000870-24;

59. *Atlas Data Privacy Corporation, et al. v. Synaptix Technology, LLC, et al.*, Docket No. MER-L-000288-24;

60. *Atlas Data Privacy Corporation, et al. v. Accuzip, Inc., et al.*, Docket No. MON-L-000554-24;

61. *Atlas Data Privacy Corporation, et al. v. Fortnoff Financial, LLC, et al.*, Docket No. MER-L-000284-24;

62. *Atlas Data Privacy Corporation, et al. v. Myheritage, LTD., et al.*, Docket No. MER-L-000282-24;

63. *Atlas Data Privacy Corporation, et al. v. Propertyradar, Inc., et al.*, Docket No. MER-L-000293-24;

64. *Atlas Data Privacy Corporation, et al. v. The Alesco Group, et al.*, Docket No. BER-L-000969-24;

65. *Atlas Data Privacy Corporation, et al. v. Searchbug, Inc., et al.*, Docket No. MID-L-000904-24;

66. *Atlas Data Privacy Corporation, et al. v. Amerilist, Inc., et al.*, Docket No. MID-L-001052-24;

67. *Atlas Data Privacy Corporation, et al. v. LexisNexis Risk Data Management, LLC et al.*, Docket No. BER-L-000875-24;

68.   *Atlas Data Privacy Corporation, et al. v. Thomson Reuters Corporation, et al.,* Docket No. MRS-L-000320-24;

69.   *Atlas Data Privacy Corporation, et al. v. Corelogic, Inc., et al.,* Docket No. BER-L-000773-24;

70.   *Atlas Data Privacy Corporation, et al. v. Data Axle, Inc., et al.,* Docket No. MON-L-000483-24;

71.   *Atlas Data Privacy Corporation, et al. v. Lusha Systems, Inc.,* Docket No. BER-L-000814-24;

72.   *Atlas Data Privacy Corporation, et al. v. Digital Safety Products, LLC,* Docket No. MID-L-000814-24.

73.   *Atlas Data Privacy Corporation, et al. v. US Data Corporation, et al.,* Docket No. MRS-L-000323-24.

74.   *Atlas Data Privacy Corporation, et al. v. Smarty, LLC,* Docket No. MER-L-000310-24ID-L-000814-24.

75.   *Atlas Data Privacy Corporation, et al. v. Compact Information Systems, LLC,* Docket No. MON-L-000534-24

76.   *Atlas Data Privacy Corporation, et al. v. Constella Intelligence, Inc., et al.,* Docket Number: ESX-L-007212-24

77.   *Atlas Data Privacy Corporation, et al. v. Babel Street, Inc.et al.,* Docket No. ESX-L-007260-24

I certify under penalty of perjury that the foregoing is true and correct.

Executed this 20th day of November, 2024.

/s/ Kelly M. Purcaro
Kelly M. Purcaro

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 20, 2024, I filed a true and correct copy of the foregoing with the court. The Parties may access this filing through the Court's system. In addition, a copy was served, by agreement of the Parties, via email upon:

PEM LAW LLP
Rajiv D. Parikh
Kathleen Barnett Einhorn
Jessica A. Merejo
1 Boland Drive, Suite 1010
West Orange, New Jersey 07052
rparikh@pemlawfirm.com
keinhorn@pemlawfirm.com
jmerejo@pemlawfirm.com

BIRD MARELLA RHOW
LINCENBERG DROOKS
NESSIM LLP
Ekwan E. Rhow
Elliot C. Harvey Schatmeier
1875 Century Park East, 23rd Floor
Los Angeles, CA 90067
erhow@birdmarella.com
ehs@birdmarella.com

MORGAN & MORGAN P.A.
John A. Yanchunis
Ryan J. McGee
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
jyanchunis@forthepeople.com
rmcgee@forthepeople.com

*/s/ Kelly M. Purcaro*
Kelly M. Purcaro

#59114382v1

22