**GreenspoonMarder**LLP

Kelly Purcaro, Partner
One Gateway Center, Suite 2600
Newark, New Jersey 07102
Direct Phone: 732.456.8734
Email: kelly.purcaro@gmlaw.com

November 3, 2025

**BY ECF**
Honorable Harvey Bartle III, U.S.D.J.
United States District Court for the
Eastern District of Pennsylvania
16614 U.S. Courthouse
601 Market Street
Philadelphia, Pennsylvania 19106

**Re:**   *Atlas Data Privacy Corp., et al v. DARKOWL, LLC* **(No. 1:24-cv-10600-HB)**

Dear Judge Bartle:

      This firm represents the defendant DarkOwl, LLC ("DarkOwl") in the above matter. As explained below, DarkOwl is a provider of cybersecurity and threat intelligence services that works closely with vetted law enforcement and government agencies to help improve public safety and protect national security.

      In response to Your Honor's Order entered on September 12, 2025, Dkt. No. 53, DarkOwl respectfully request that this case be stayed, consistent with the letter filed in *Atlas Data Privacy Corp. et al. v. Joy Rockwell Enterproses, Inc. et al.*; Case No. 1:24-cv-04389-HB, at Dkt. No. 71. In the alternative, should this Court deny a stay of this case, with a full reservation of rights to renew its request for a stay, DarkOwl proposes a discovery schedule limited to addressing the question on whether Plaintiffs are barred from bringing the current suit under Section 230 of the Communications Decency Act of 1996 ("CDA"), 47 U.S.C. § 230.[1]

**Stay Case Pending NJ Supreme Court & Third Circuit Decisions**

      On October 21, 2025, the New Jersey Supreme Court notified the parties that it accepted the petition for certification of questions regarding the *mens rea* issue and reformulated the question in accordance with Rule 2:12A-2 as follows:

> What mental state, if any, is required to establish liability under Daniel's Law. N.J.S.A. 56:8-1661?

R-3 September Term 2025, 091145. The New Jersey Supreme Court further Ordered the following briefing schedule: Appellants' Brief due November 20, 2025, Respondents' Opposition Brief due December 11, 2025, and Appellants' Reply Brief due December 18, 2025. The Clerk of Court shall

---

[1] Should this Court deny DarkOwl's alternative request for limited CDA discovery, DarkOwl joins Defendants' proposed initial discovery schedule set forth in *Atlas v. Joy Rockwell* at Dkt. No. 71.

Honorable Harvey Bartle III, U.S.D.J.
November 3, 2025
Page 2 of 3

thereafter set the matter down for oral argument in due course. *Ibid.* As such briefing is now underway, and the Supreme Court's determination in this regard shall impact these cases, Defendant respectfully requests that a stay be issued by this Court pending same.

In further support of DarkOwl's renewed request for a stay of this case, this Court issued an Order on October 30, 2025, Dkt. No. 56, extending the deadline for certain cases to complete jurisdictional discovery until December 1, 2025 and canceling the previously scheduled November 12, 2025 Status Conference. As such, if discovery were to proceed at this time with respect to the merits of the claims of some cases while other cases remain actively involved in jurisdictional discovery, such scheduling would necessarily create duplication of efforts for both this Court as well as the parties. As such, Defendant respectfully requests that a stay be issued by this Court.

**Limited Discovery on Communications Decency Act Immunity**

In the alterative, should this Court deny a stay of this case and those related cases, with a full reservation of rights to renew its request for a stay, DarkOwl proposes a discovery schedule for this case limited to discovery addressing the question whether Plaintiffs are barred from bringing suit against DarkOwl under Section 230 of the Communications Decency Act of 1996 ("CDA"), 47 U.S.C. § 230.

DarkOwl assists vetted law enforcement, government agencies, and cybersecurity companies in the detection and prosecution of crime related to the darknet. See DarkOwl's Answer, Defenses and Counterclaims, Dkt. No. 54. This includes, but is not limited to, identifying fraud and theft, network penetration, government-related fraud, merchant fraud, gift card fraud, targeting of minors and child extortion, wire fraud, crypto fraud, international threat detection, hostile nation-state activity, monitoring and predicting potential attacks and targeting of individuals (such as political figures, high-profile individuals, and potential activist targets) and organizations. Id. DarkOwl provides a computer-based platform and tools for safely navigating information obtained from the darknet. Id. This approach has many benefits, including, minimizing the risk that a target of an investigation becomes aware of law enforcement's interest in their activities on the darknet.

As this Court recognized in its decision in Atlas v. We Inform,[2] in certain circumstances, the question "whether [defendant has] immunity under the CDA must await discovery." And, as other courts have recognized, the CDA immunity question is a threshold issue that is dispositive.[3] Indeed, this dispositive issue should be dealt with early in litigation to protect defendants "not merely from ultimate liability, but from having to fight costly and protracted legal battles." See Planet Green Cartridges, Inc v. Amazon.com, LLC, 2023 U.S. Dist. LEXIS 217574, 2023 WL

---

[2] See Def's Mot. to Dismiss, Dkt. No. 83, at 11, Atlas Data Privacy Corp., et al., v. We Inform, LLC, et al., No. 24-cv-4037, (D.N.J. August 25, 2025)).
[3] See Huckabee v. Meta Platforms, Inc., No. 24-773, 2025 U.S. Dist. LEXIS 120069, 2025 WL 1744357, at *9 (D. Del. June 24, 2025) (noting that Section 230 presents a "threshold" issue of immunity) (citing Calise v. Meta Platforms, Inc., 103 F.4th 732, 738 (9th Cir. 2024).

Honorable Harvey Bartle III, U.S.D.J.
November 3, 2025
Page 3 of 3

8943219, * at 8 (C.D. Cal. 2023) (quoting Goddard v. Google, 640 F. Supp. 2d 1193, 1202 (N.D. Cal. 2009)).

  Targeted discovery on the CDA issue would have several benefits, including avoidance of harming work that serves critical public safety and national security functions and promoting judicial economy. This approach would balance the need for factual development and allow the Court to first resolve the discrete immunity issue without the need to engage in expensive and time-consuming full merits discovery.

  As such, DarkOwl proposes the following initial discovery schedule limited to the CDA immunity issue:

| Date | Discovery Description |
|---|---|
| 1/19/26 | Parties to serve Interrogatories limited to addressing the elements of 47 U.S.C. § 230, Communications Decency Act, immunity. |
| 2/27/26 | Deadline to Serve Objections and Responses to Interrogatories |
| 3/20/26 | Deadline to Serve Document Demands – same limit/scope as above |
| 4/17/26 | Deadline to Serve Objections and Responses to Document Demands  Deadline to Serve 30(b)(6) Deposition Notice |
| 5/4/26 | Deadline to meet and confer re discovery disputes |
| 5/18/26 | Joint Status Letter Submission - To include discovery status, suggested motions and briefing, and scheduling matters |
| TBD by Court | Case Management Conference & Summary Judgement Schedule limited to CDA immunity |

**Dark Owl's Counterclaims**

  The parties have conferred and propose the following schedule with respect to Plaintiffs' Response to DarkOwl's Counterclaims, which response was due on October 24, 2025.[4]

- 12/5/25 - Plaintiffs' Response/Motion to Dismiss Counterclaims Due
- 1/16/26 – Defendants' Opposition Due
- 2/6/26   - Plaintiffs' Reply due

Thank you for your consideration.

            Respectfully submitted,

            *s/ Kelly M. Purcaro*
            KELLY M. PURCARO

---

[4] This schedule is consistent with the dates proposed in *Atlas v. Joy Rockwell* at Dkt. No. 71.