GreenspoonMarder LLP

Kelly Purcaro, Partner
One Gateway Center, Suite 2600
Newark, New Jersey 07102
Phone: 732.494.4800
Fax: 954.333.4222
Direct Phone: 732.456.8734
Direct Fax: 732.957.2298
Email: kelly.purcaro@gmlaw.com

September 28, 2026

**VIA ECF**
The Honorable Harvey Bartle III
United States District Court
Eastern District of Pennsylvania
James A. Byrne U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

**Re: Atlas Data Privacy Corp., et al. v. DarkOwl, LLC**
**Case No. 1:24-cv-10600**
**Leave to File Motion to Compel Plaintiff's to Respond to ESI Protocol**

Dear Judge Bartle:

This firm, along with Raj Ferber PLLC, represent DarkOwl, LLC ("DarkOwl") in the above action. DarkOwl respectfully requests a discovery conference and, if necessary, leave to move to compel Plaintiffs to complete the ESI meet-and-confer process, and respond to DarkOwl's proposed ESI protocol. Plaintiffs' failure to respond since August 31st prevents DarkOwl from finalizing the collection, review, and production process needed to respond to Plaintiffs' document demands and puts in jeopardy DarkOwl's ability to comply with the discovery deadlines set in the Court's Order dated September 9. In addition, to further underscore Plaintiffs non-responsiveness, they agreed to provide ESI materials that had already been produced to the "remand defendants." Notwithstanding multiple follow-up requests, Platiniffs continue to ignore DarkOwl's requests and have not yet produced such materials.

On August 31, 2026, DarkOwl conducted an ESI conference with Plaintiffs.[1]

During the ESI conference, DarkOwl proposed, among other things, specific ESI terms and protocols, addressing search and culling, deduplication, production format, native files and load files, technology-assisted review, validation, privilege, clawback, custodians, date ranges, and

[1] DarkOwl scheduled the ESI meet and confer with Plaintiffs for Friday August 14th at 10am. Plaintiffs failed to send the dial-in and, when DarkOwl reached out for same, Plaintiffs unilaterally canceled the August 14th ESI conference about 40 minutes before it was scheduled to begin.

metadata. Plaintiffs neither substantively responded nor provided any specific counter proposal. Rather, Plaintiffs agreed to use an ESI vendor and to respond to DarkOwl's Rule 26(f) proposals.

On September 4, 2026, having received no response from Plaintiffs as to the proposed ESI protocol and terms, DarkOwl provided those proposed terms in writing. See **Exhibit A.**

On September 8, 2026, having received no response, no objections, revisions, or counterproposal from Plaintiffs to the ESI protocol, DarkOwl requested same from Plaintiffs. See **Exhibit B**.[2]

On September 21, 2026, having still received no response, no objections, revisions, or counterproposal from Plaintiffs to the ESI protocol, DarkOwl again requested same from Plaintiffs. See **Exhibit C** DarkOwl ESI protocol follow-up and M&C request letter of September 21.[3] DarkOwl's letter was defendant-specific, addressing Plaintiffs' ESI questions, DarkOwl's systems and capabilities, production format, and discovery workflow. Such letter also provided another request to meet and confer and included availability for both the undersigned and co-counsel. Plaintiffs failed to respond. Indeed, it seems Plaintiffs failed to even read DarkOwl's letter nor its multiple prior requests.[4]

---

[2] Includes Plaintiffs' reply email of the same day, with bizarre request to designate the 8/31/26 ESI meeting as discovery for external counsel only. The undersigned twice objected to such request but received no response. Plaintiffs failed to meet and confer regarding same.

[3] While beyond the scope of R. 26(f)(3), DarkOwl provided additional information Plaintiffs sought regarding its systems and data locations –redacted herein. Such information was provided in good faith cooperation, without admission that any such data sources are relevant nor discoverable, and with full reservation of all objections, defenses, rights and without any waivers.

[4] Rather than respond to DarkOwl, at about 10pm on September 21, Plaintiffs sent a note to counsel for various Defendants (including the undersigned), with a generic "ESI proposal." Plaintiffs' generic, multi-defendant ESI protocol is not responsive to DarkOwl's September 21 letter because, among other things, it does not respond to DarkOwl's requests to meet and confer at specified times, does not produces the promised remand discovery nor state Plaintiffs' position on DarkOwl's August 31st and September 4th proposal, fails to provide the DarkOwl-specific custodians, requested search parameters, TAR 2.0 position, nor methodology needed to complete the Rule 26(f) process. Plaintiffs further failed to address DarkOwl's objections to Plaintiffs' broader technical inquiries and proposals for dealing with same through ESI vendor assisted production. The omnibus proposal is also inconsistent with Plaintiffs' insistence that each defendant separately meet and confer concerning its particular ESI environment, while Plaintiffs simultaneously seek to designate those individualized discussions as confidential.

On September 22, 2026, DarkOwl again provided copies of its prior proposals, along with Plaintiffs' email chains evidencing receipt of same, and once again demanded a response to the ESI proposals and request to meet and confer. See **Exhibit D** DarkOwl ESI protocol follow-up, with attachments email of September 22.[5] Therein, DarkOwl again requested a response from Plaintiffs as to avoid prejudice and delay in DarkOwl's ability to timely respond to upcoming discovery demands. Plaintiffs failed to respond.

Despite the passage of nearly a month and no less than five attempts by DarkOwl to meet and confer to finalize such ESI protocols, Plaintiffs failed to respond.

*Fed. R. Civ. P.* 1 and 26(b)(1) require discovery to proceed justly, efficiently, and proportionately. *Fed. R. Civ. P.* 26(f)(2)–(3) requires a good-faith conference concerning ESI preservation, discovery, and production, including the form of production. *Fed. R. Civ. P.* 34(b)(2)(D)–(E) governs objections to requested forms and the form in which ESI is produced. After a good-faith effort to resolve a discovery dispute, *Fed. R. Civ. P.* 37(a) permits a motion to compel and treats an evasive or incomplete response as a failure to respond.

Without agreed custodians, search terms, date ranges, deduplication rules, metadata fields, production formats, and validation criteria, DarkOwl cannot reliably scope collection, instruct its vendor, assess burden, complete privilege review, or timely produce responsive ESI. Proceeding without those parameters risks unnecessary cost, inconsistent production, privilege issues, and reprocessing while DarkOwl's response deadline continues to run.

In addition to the non-responsiveness on crucial ESI protocol issues, Plaintiffs failed to produce to DarkOwl at least 2 items of ESI information even though counsel promised to do so. Plaintiffs' counsel stated that DarkOwl supposedly "already ha[d]" the information because it had been produced to "remand defendants." DarkOwl explained that it was not a remand defendant and had not received those materials; Plaintiffs agreed to provide them. DarkOwl memorialized the discussion and followed up on September 4 and September 8, but Plaintiffs neither produced the materials nor stated a basis for withholding them. See **Exhibits A** and **B.**

DarkOwl therefore asks the Court to convene a discovery conference and, if the dispute remains unresolved, grant leave to move for an order requiring Plaintiffs to: (1) within five business days, provide substantive, defendant-specific objections or revisions to DarkOwl's proposed protocol; (2) confer in good faith within seven business days thereafter to finalize the protocol; and (3) within five business days, produce the "remand defendant" ESI discovery and related materials identified by Plaintiffs' on August 31, or state the specific basis for withholding them. DarkOwl also requests that its deadline to respond to Plaintiffs' document demands be extended until 30 days after the protocol is finalized, or as the Court directs.

---

[5] Redacted and without duplicative attachments which were Exhibits A and B, included is only the redacted 3rd attachment which is Plaintiffs' email to the undersigned which ignored the ESI protocol in that same chain yet improperly demands discovery of multiple defendants.

DarkOwl has conferred in good faith through the August 31 conference and the September 4, September 8, September 21 and September 22 correspondence, and remains available to confer. DarkOwl respectfully requests the Court's guidance and leave to proceed by motion if a conference does not resolve the dispute.

Respectfully submitted,

**GREENSPOON MARDER LLP**

By: /s/ *Kelly Magnus Purcaro*
Kelly Magnus Purcaro, Esq.
*Counsel for Defendant DarkOwl*

cc: All Counsel of Record Via ECF

# EXHIBIT A

**Kelly Purcaro**

**From:** Rajiv D. Parikh, Esq. <rparikh@pemlawfirm.com>
**Sent:** Friday, September 4, 2026 6:23 PM
**To:** Kelly Purcaro; Jessica A. Merejo, Esq.; Adam Shaw; Julia Livingston; Fred Brunetti; Vito Gagliardi; Sarah Wisniewski
**Cc:** Melody Langley; Kory Ann Ferro
**Subject:** RE: ESI Conference Follow-Up

Kelly – can you please let me know about my prior message regarding the confidentiality designation of our discussion. It is important for us to understand if the information was disclosed to anyone else immediately.

We will review the below as applicable to all of your clients and then respond individually since you have indicated that there are co-counsel for some cases and those or others may present unique issues.

Thanks,

Raj

---

**From:** Kelly Purcaro <Kelly.Purcaro@gmlaw.com>
**Sent:** Friday, September 4, 2026 5:33 PM
**To:** Rajiv D. Parikh, Esq. <rparikh@pemlawfirm.com>; Jessica A. Merejo, Esq. <jmerejo@pemlawfirm.com>; Adam Shaw <ashaw@bsfllp.com>; Julia Livingston <jlivingston@pemlawfirm.com>; Fred Brunetti <arbrunetti@pbnlaw.com>; Vito Gagliardi <vagagliardi@pbnlaw.com>; Sarah Wisniewski <sawisniewski@pbnlaw.com>
**Cc:** Melody Langley <Melody.Langley@gmlaw.com>; Kory Ann Ferro <KoryAnn.Ferro@gmlaw.com>
**Subject:** ESI Conference Follow-Up

External Email

Counsel:

As discussed during our August 31, 2026, ESI Conference, we did not have any of the "remand" defendants and, as such do not have the discovery you referred to as previously produced for same. Kindly provide the referenced discovery.

In addition, as also discussed during that conference, my clients, particularly those who are using an ESI vendor for discovery review and production, suggest the parties comply with the below initial ESI protocol conditions. The below is not meant to an all-inclusive, and provided with the express reservation of the right to supplement and/or amend

Please advise if these terms are acceptable and if you have any additional suggestions or topics you would like us to consider. Please note, as of now, all my clients are seeking to <u>receive</u> information for review through a vendor, however at least one defendant, US Data, will be producing discovery without an ESI vendor.

- **Search Parameters and Pre-Culling**
  - **Deduplication:** The vendor shall globally deduplicate across custodians using MD5 or SHA-1 hashes, retain one review copy, and apply email threading.
  - **System Files:** The vendor shall use the standard NIST list to remove system files, executables, and unreviewable software noise.
  - **Keyword Limits:** No broad keyword culling shall occur before TAR 2.0.

- **Production Specifications**
  - **Vendor Delivery:** A qualified third-party vendor shall process, host, and deliver productions electronically through secure transfer.
  - **Native Default:** Spreadsheets, presentations, audio/video, and media exports shall be produced natively, where possible, to preserve functionality and metadata. Near native production where necessary.
  - **Image Option:** Other files may be produced as single-page Group IV TIFFs or searchable PDFs. The Receiving Party may request a native copy if imaging obscures data or impairs usability.
  - **Load Files:** Each production shall include a Concordance-format .DAT file containing the Exhibit C metadata fields and an .OPT image cross-reference file

- **TAR 2.0 / CAL Workflow**
  - The Producing Party shall use TAR 2.0 / CAL to rank documents through ongoing human review and coding. The model shall apply to all documents remaining after agreed date-range, file-type, deduplication, and other global filters. Keyword searches shall not exclude documents unless the parties agree in writing.
  - Qualified legal professionals, or reviewers supervised by counsel of record, shall make training decisions. The Producing Party shall use reasonable quality controls to ensure consistent coding and shall not manipulate inputs to suppress relevant documents.
  - Before making a material change likely to affect recall or validation, the Producing Party shall notify the Receiving Party and meet and confer. If urgent technical action is required, the Producing Party may implement the change first but shall provide prompt notice and meet and confer thereafter.

- **Stopping Criteria**
  - The Producing Party may stop CAL review when: (a) estimated recall is at least 80%; (b) the confidence level is 95% with no more than a 4% margin of error; (c) estimated elusion is no more than 5%; and (d) the lower-bound recall is at least 75%. The Producing Party shall then notify the Receiving Party. A party seeking different thresholds shall meet and confer before seeking Court relief.

- **Validation Methodology**
  - Before final closeout, the Producing Party shall test a statistically valid random sample of the unreviewed "null set." Validation must support at least 80% estimated recall at 95% confidence, with no more than a 4% margin of error and 5% estimated elusion.
  - The Producing Party shall disclose: (a) Data Universe size; (b) number of documents reviewed and identified as responsive; (c) null-set and sample sizes; (d) number of responsive sample documents; (e) estimated elusion; (f) estimated recall and range; (g) confidence level and margin of error; and (h) material limitations or coding issues.

Validation fails if elusion exceeds 5%, recall is below 80%, or the lower bound of the 95% confidence interval is below 75%. If validation fails, the Producing Party shall retrain the model, resume review to stability, and repeat validation.

- **Privilege, Redactions, and Clawback**
    - The parties reserve all rights concerning privilege, work product, confidentiality, and redaction. Use of TAR 2.0 / CAL does not waive any protection. Inadvertent production shall be governed by the applicable [Protective Order]. Redacted native files may be produced as images with associated metadata and text necessary to preserve the redactions

- **Custodians, Date Ranges** – to be provided as follows:

| Custodian No. | Custodian Name / Role | Email Account(s) | Device / Source | Database / Repository | Start Date | End Date | Notes / Limitations |
|---|---|---|---|---|---|---|---|
| **1** | [Name / Role] | [Email Address(es)] | [Laptop / Mobile / Local Drive] | [Repository] | [Month Day, Year] | [Month Day, Year] | [Notes] |
| **2** | [Name / Role] | [Email Address(es)] | [Laptop / Mobile / Local Drive] | [Repository] | [Month Day, Year] | [Month Day, Year] | [Notes] |
| **3** | [Name / Role] | [Email Address(es)] | [Laptop / Mobile / Local Drive] | [Repository] | [Month Day, Year] | [Month Day, Year] | [Notes] |

- **Metadata Fields for Native Productions**– to be provided as follows:

| Field Name | Description / Requirement |
|---|---|
| **BegBates** | Beginning Bates number for the document or placeholder image. |
| **EndBates** | Ending Bates number for the document or placeholder image. |
| **BegAttach** | Beginning Bates number of the first document in the family group. |
| **EndAttach** | Ending Bates number of the last document in the family group. |
| **Custodian** | Primary custodian from whom the document was collected. |
| **AllCustodians** | All custodians associated with a globally de-duplicated document. |
| **NativeLink** | Relative path or file reference to the produced native file. |
| **TextLink** | Relative path or file reference to extracted text or OCR text. |
| **FileName** | Original file name. |
| **FileExtension** | Original file extension or normalized extension. |
| **FilePath** | Original source path or reasonably available collection path. |
| **FileSize** | File size in bytes. |
| **MD5Hash** | MD5 hash value, where available. |
| **SHA1Hash** | SHA-1 hash value, where available. |
| **EmailSubject** | Email subject line. |
| **From** | Email sender. |
| **To** | Email recipient(s). |
| **CC** | Copied recipient(s). |

| | |
|---|---|
| **BCC** | Blind-copied recipient(s), where available. |
| **DateSent** | Date and time the email was sent. |
| **DateReceived** | Date and time the email was received. |
| **DateCreated** | Document creation date, where available. |
| **DateModified** | Last modified date, where available. |
| **Author** | Document author metadata, where available. |
| **Title** | Document title metadata, where available. |
| **Confidentiality** | Applicable confidentiality designation. |
| **Redaction** | Indicates whether the document contains redactions. |

Finally, you indicated during the conference that you may need additional information from some of my clients. Kindly advise what additional information you are seeking, if any, and for which defendants.

Thank you,

GreenspoonMarder LLP

Kelly Magnus Purcaro, Esq.
Greenspoon Marder LLP
Partner
One Gateway Center, Suite 2600
Newark, NJ 07102
Direct Phone Number: (732) 456-8734
Office Phone Number: (732) 494-4800 ext. 3347
Cell Phone Number: (732) 690-4611
Email Address: Kelly.Purcaro@gmlaw.com
www.gmlaw.com

Mansfield Rule
Participating Law Firm
2024–2025

HONORED LISTEE
Est. 1898
MARQUIS Who'sWho
2023
125 YEARS

GREENSPOON MARDER LLP LEGAL NOTICE
The information contained in this transmission may be attorney/client privileged and confidential. It is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by reply e-mail.

Unless specifically indicated otherwise, any discussion of tax issues contained in this e-mail, including any attachments, is not, and is not intended to be, "written advice" as defined in Section 10.37 of Treasury Department Circular 230.

A portion of our practice involves the collection of debt and any information you provide will be used for that purpose if we are attempting to collect a debt from you.

# EXHIBIT B

**Kelly Purcaro**

| | |
|---|---|
| **From:** | Kelly Purcaro |
| **Sent:** | Tuesday, September 8, 2026 10:53 AM |
| **To:** | Rajiv D. Parikh, Esq.; Jessica A. Merejo, Esq.; Adam Shaw; Julia Livingston; Fred Brunetti; Vito Gagliardi; Sarah Wisniewski |
| **Cc:** | Melody Langley; Kory Ann Ferro |
| **Subject:** | RE: ESI Conference Follow-Up |

Counsel,

I am writing again in response to your September 4, 2026 emails requesting information about my discussions regarding the ESI meeting.

As previously advised, we object to this request. In addition to my prior objections regarding the improper "designation" issue, the communications you seek – specifically what I discussed with my clients and co-counsel regarding this litigation – are strictly protected from disclosure by the Attorney-Client Privilege, the Work-Product Doctrine, and the Common Interest Doctrine.

Furthermore, my above referenced communications about this litigation are not the proper subject of discovery, nor is an informal email a proper vehicle for discovery under the Federal Rules of Civil Procedure or the Local Civil Rules of the District of New Jersy. We will not be disclosing the substance of these confidential communications.

Best Regards,

GreenspoonMarder LLP
Kelly Magnus Purcaro, Esq.
Greenspoon Marder LLP
Partner
One Gateway Center, Suite 2600
Newark, NJ 07102
Direct Phone Number: (732) 456-8734
Office Phone Number: (732) 494-4800 ext. 3347
Cell Phone Number: (732) 690-4611
Email Address: Kelly.Purcaro@gmlaw.com
www.gmlaw.com

Mansfield Rule
Participating Law Firm
2024–2025
Powered by DIVERSITY LAB

---

**From:** Rajiv D. Parikh, Esq. <rparikh@pemlawfirm.com>
**Sent:** Friday, September 4, 2026 6:23 PM
**To:** Kelly Purcaro <Kelly.Purcaro@gmlaw.com>; Jessica A. Merejo, Esq. <jmerejo@pemlawfirm.com>; Adam Shaw <ashaw@bsfllp.com>; Julia Livingston <jlivingston@pemlawfirm.com>; Fred Brunetti <arbrunetti@pbnlaw.com>; Vito Gagliardi <vagagliardi@pbnlaw.com>; Sarah Wisniewski <sawisniewski@pbnlaw.com>
**Cc:** Melody Langley <Melody.Langley@gmlaw.com>; Kory Ann Ferro <KoryAnn.Ferro@gmlaw.com>
**Subject:** RE: ESI Conference Follow-Up

Kelly – can you please let me know about my prior message regarding the confidentiality designation of our discussion. It is important for us to understand if the information was disclosed to anyone else immediately.

We will review the below as applicable to all of your clients and then respond individually since you have indicated that there are co-counsel for some cases and those or others may present unique issues.

Thanks,

Raj

---

**From:** Kelly Purcaro <Kelly.Purcaro@gmlaw.com>
**Sent:** Friday, September 4, 2026 5:33 PM
**To:** Rajiv D. Parikh, Esq. <rparikh@pemlawfirm.com>; Jessica A. Merejo, Esq. <jmerejo@pemlawfirm.com>; Adam Shaw <ashaw@bsfllp.com>; Julia Livingston <jlivingston@pemlawfirm.com>; Fred Brunetti <arbrunetti@pbnlaw.com>; Vito Gagliardi <vagagliardi@pbnlaw.com>; Sarah Wisniewski <sawisniewski@pbnlaw.com>
**Cc:** Melody Langley <Melody.Langley@gmlaw.com>; Kory Ann Ferro <KoryAnn.Ferro@gmlaw.com>
**Subject:** ESI Conference Follow-Up

External Email

Counsel:

As discussed during our August 31, 2026, ESI Conference, we did not have any of the "remand" defendants and, as such do not have the discovery you referred to as previously produced for same. Kindly provide the referenced discovery.

In addition, as also discussed during that conference, my clients, particularly those who are using an ESI vendor for discovery review and production, suggest the parties comply with the below initial ESI protocol conditions. The below is not meant to an all-inclusive, and provided with the express reservation of the right to supplement and/or amend

Please advise if these terms are acceptable and if you have any additional suggestions or topics you would like us to consider. Please note, as of now, all my clients are seeking to receive information for review through a vendor, however at least one defendant, US Data, will be producing discovery without an ESI vendor.

- **Search Parameters and Pre-Culling**
  - **Deduplication:** The vendor shall globally deduplicate across custodians using MD5 or SHA-1 hashes, retain one review copy, and apply email threading.
  - **System Files:** The vendor shall use the standard NIST list to remove system files, executables, and unreviewable software noise.
  - **Keyword Limits:** No broad keyword culling shall occur before TAR 2.0.

- **Production Specifications**
  - **Vendor Delivery:** A qualified third-party vendor shall process, host, and deliver productions electronically through secure transfer.
  - **Native Default:** Spreadsheets, presentations, audio/video, and media exports shall be produced natively, where possible, to preserve functionality and metadata. Near native production where necessary.
  - **Image Option:** Other files may be produced as single-page Group IV TIFFs or searchable PDFs. The Receiving Party may request a native copy if imaging obscures data or impairs usability.
  - **Load Files:** Each production shall include a Concordance-format .DAT file containing the Exhibit C metadata fields and an .OPT image cross-reference file

- **TAR 2.0 / CAL Workflow**
  - The Producing Party shall use TAR 2.0 / CAL to rank documents through ongoing human review and coding. The model shall apply to all documents remaining after agreed date-range, file-type, deduplication, and other global filters. Keyword searches shall not exclude documents unless the parties agree in writing.
  - Qualified legal professionals, or reviewers supervised by counsel of record, shall make training decisions. The Producing Party shall use reasonable quality controls to ensure consistent coding and shall not manipulate inputs to suppress relevant documents.
  - Before making a material change likely to affect recall or validation, the Producing Party shall notify the Receiving Party and meet and confer. If urgent technical action is required, the Producing Party may implement the change first but shall provide prompt notice and meet and confer thereafter.

- **Stopping Criteria**
  - The Producing Party may stop CAL review when: (a) estimated recall is at least 80%; (b) the confidence level is 95% with no more than a 4% margin of error; (c) estimated elusion is no more than 5%; and (d) the lower-bound recall is at least 75%. The Producing Party shall then notify the Receiving Party. A party seeking different thresholds shall meet and confer before seeking Court relief.

- **Validation Methodology**
  - Before final closeout, the Producing Party shall test a statistically valid random sample of the unreviewed "null set." Validation must support at least 80% estimated recall at 95% confidence, with no more than a 4% margin of error and 5% estimated elusion.
  - The Producing Party shall disclose: (a) Data Universe size; (b) number of documents reviewed and identified as responsive; (c) null-set and sample sizes; (d) number of responsive sample documents; (e) estimated elusion; (f) estimated recall and range; (g) confidence level and margin of error; and (h) material limitations or coding issues. Validation fails if elusion exceeds 5%, recall is below 80%, or the lower bound of the 95% confidence interval is below 75%. If validation fails, the Producing Party shall retrain the model, resume review to stability, and repeat validation.

- **Privilege, Redactions, and Clawback**
  - The parties reserve all rights concerning privilege, work product, confidentiality, and redaction. Use of TAR 2.0 / CAL does not waive any protection. Inadvertent production shall be governed by the applicable [Protective Order]. Redacted native files may be produced as images with associated metadata and text necessary to preserve the redactions

- **Custodians, Date Ranges** – to be provided as follows:

| Custodian No. | Custodian Name / Role | Email Account(s) | Device / Source | Database / Repository | Start Date | End Date | Notes / Limitations |
|---|---|---|---|---|---|---|---|
| **1** | [Name / Role] | [Email Address(es)] | [Laptop / Mobile / Local Drive] | [Repository] | [Month Day, Year] | [Month Day, Year] | [Notes] |
| **2** | [Name / Role] | [Email Address(es)] | [Laptop / Mobile / Local Drive] | [Repository] | [Month Day, Year] | [Month Day, Year] | [Notes] |
| **3** | [Name / Role] | [Email Address(es)] | [Laptop / Mobile / Local Drive] | [Repository] | [Month Day, Year] | [Month Day, Year] | [Notes] |

- **Metadata Fields for Native Productions**– to be provided as follows:

| Field Name | Description / Requirement |
|---|---|
| **BegBates** | Beginning Bates number for the document or placeholder image. |
| **EndBates** | Ending Bates number for the document or placeholder image. |
| **BegAttach** | Beginning Bates number of the first document in the family group. |
| **EndAttach** | Ending Bates number of the last document in the family group. |
| **Custodian** | Primary custodian from whom the document was collected. |
| **AllCustodians** | All custodians associated with a globally de-duplicated document. |
| **NativeLink** | Relative path or file reference to the produced native file. |
| **TextLink** | Relative path or file reference to extracted text or OCR text. |
| **FileName** | Original file name. |
| **FileExtension** | Original file extension or normalized extension. |

| | |
|---|---|
| **FilePath** | Original source path or reasonably available collection path. |
| **FileSize** | File size in bytes. |
| **MD5Hash** | MD5 hash value, where available. |
| **SHA1Hash** | SHA-1 hash value, where available. |
| **EmailSubject** | Email subject line. |
| **From** | Email sender. |
| **To** | Email recipient(s). |
| **CC** | Copied recipient(s). |
| **BCC** | Blind-copied recipient(s), where available. |
| **DateSent** | Date and time the email was sent. |
| **DateReceived** | Date and time the email was received. |
| **DateCreated** | Document creation date, where available. |
| **DateModified** | Last modified date, where available. |
| **Author** | Document author metadata, where available. |
| **Title** | Document title metadata, where available. |
| **Confidentiality** | Applicable confidentiality designation. |
| **Redaction** | Indicates whether the document contains redactions. |

Finally, you indicated during the conference that you may need additional information from some of my clients. Kindly advise what additional information you are seeking, if any, and for which defendants.

Thank you,

GreenspoonMarder LLP

Kelly Magnus Purcaro, Esq.
Greenspoon Marder LLP
Partner
One Gateway Center, Suite 2600
Newark, NJ 07102
Direct Phone Number: (732) 456-8734
Office Phone Number: (732) 494-4800 ext. 3347
Cell Phone Number: (732) 690-4611
Email Address: Kelly.Purcaro@gmlaw.com
www.gmlaw.com

Mansfield Rule
Participating Law Firm
2024–2025
Powered by DIVERSITY LAB

GREENSPOON MARDER LLP LEGAL NOTICE
The information contained in this transmission may be attorney/client privileged and confidential. It is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by reply e-mail.

Unless specifically indicated otherwise, any discussion of tax issues contained in this e-mail, including any attachments, is not, and is not intended to be, "written advice" as defined in Section 10.37 of Treasury Department Circular 230.

A portion of our practice involves the collection of debt and any information you provide will be used for that purpose if we are attempting to collect a debt from you.

# EXHIBIT C

GreenspoonMarder LLP

Kelly Purcaro, Partner
One Gateway Center, Suite 2600
Newark, New Jersey 07102
Direct Phone: 732.456.8734
Direct Fax: 732.957.2298
Email: kelly.purcaro@gmlaw.com

September 21, 2026

**Via Electronic Mail** rparikh@pemlawfirm.com jmerejo@pemlawfirm.com
Rajiv D. Parikh, Esq.
Jessica A. Merejo, Esq.
PEM Law LLP
1 Boland Drive, Suite 101
West Orange, NJ 07052

Re: DarkOwl ESI Conference Follow-Up / Rule 26(f) Meet and Confer

Dear Rajiv and Jessica,

We write concerning Plaintiffs' outstanding ESI obligations following the parties' August 31, 2026 conference and your September 11, 2026 correspondence.

At the August 31, 2026 conference, you agreed to provide discovery you referenced, which you indicated had been previously produced to the "remand defendants," which our firm did not receive from Atlas because none of our clients were subject to remand. Atlas has neither produced those materials, nor responded to our September 4, 2026 and September 8, 2026 follow-up requests for same. Please produce such discovery in native format for ESI vendor upload through secure link by close of business today or state the legal basis for withholding same and provide availability to meet and confer.

Rule 26(f) requires the parties to confer regarding preservation and the disclosure, discovery, and production of ESI. At the August 31, 2026 conference, we identified potentially relevant sources—including [redacted][1]—and proposed using an ESI vendor. Plaintiffs agreed to use a vendor and respond to our Rule 26(f)(3) proposals. On September 4, 2026, we circulated the proposed protocol terms in writing which would govern search and culling, deduplication, system-file removal, production specifications, native files, load files, TAR/CAL,

---

[1] DarkOwl expressly maintains its objections and reserves all rights with respect to the identification of potentially relevant data sources as beyond the scope of R. 26(f)(3). Such information was provided in good faith cooperation, without admission that any such data sources are relevant nor discoverable, and with full reservation of all objections, defenses, rights and without waiver of any kind.

validation and stopping criteria, privilege, redactions, clawback, custodians, date ranges, and metadata. Plaintiffs did not respond, despite our September 8, 2026 follow-up. With paper discovery due September 24, 2026, that failure prejudices DarkOwl's ability to prepare with its vendor and respond timely.

Finally, your latest email seeks broad, defendant-specific technical and operational information, including whether Defendants contest receipt of nondisclosure requests, how users access PI, whether upstream providers supply PI, and how suppression tools operate. Those matters far exceed the Rule 26(f)(3) process and, to the extent otherwise proper, must be pursued through tailored discovery.[2]

Before DarkOwl address such inquiries, the parties must complete the Rule 26(f) process. By close of business today, please provide Plaintiffs' written objections, revisions, and/or additions to the September 4, 2026 protocol and the above referenced "remand" discovery in the format requested so that the parties may complete the Rule 26(f) meet-and-confer process efficiently. Indeed, Plaintiffs' attempt to designate ESI-conference discussions as confidential while seeking broader disclosure on the same subjects further confirms the need for an agreed protocol. Absent a timely response, DarkOwl will seek appropriate relief.

If you wish to meet and confer, my co-counsel and I are available today before 4:30pm or between 5:30pm-6:30pm, or tomorrow from 12pm-1pm[3].

Defendants expressly reserve all rights and objections, including as to relevance, proportionality, burden, confidentiality, privilege, work product, possession, custody, control, and the scope and timing of ESI discovery. Nothing herein concedes the discoverability, relevance, proportionality, or control of any system, source, category, or technical detail.

Best Regards,

GREENSPOON MARDER LLP

Kelly Purcaro, Partner

cc: Kiran Raj, Esq. (via electronic mail kiran@rajferber.com)

---

[2] DarkOwl will evaluate and respond through formal discovery to the extent applicable and appropriate.

[3] Note my co-counsel has jury duty tomorrow. As such, timing for tomorrow is subject to change.

# EXHIBIT D

**Kelly Purcaro**

| | | |
|---|---|---|
| **From:** | Kelly Purcaro | |
| **Sent:** | Tuesday, September 22, 2026 9:58 AM | |
| **To:** | 'Rajiv D. Parikh, Esq.'; Julia Livingston; Adam Shaw; dkhazen | |
| **Cc:** | Kory Ann Ferro; Melody Langley; Jessica A. Merejo, Esq. | |
| **Subject:** | RE: Atlas Data Privacy Corp. v. US Data Corp. - Case No. 1:24-cv-07324-HB | |
| **Attachments:** | RE: ESI Conference Follow-Up ; RE: ESI Conference Follow-Up ; RE: ESI Conference Follow-Up | |
| **Tracking:** | **Recipient** | **Read** |
| | 'Rajiv D. Parikh, Esq.' | |
| | Julia Livingston | |
| | Adam Shaw | |
| | dkhazen | |
| | Kory Ann Ferro | |
| | Melody Langley | Read: 9/22/2026 10:02 AM |
| | Jessica A. Merejo, Esq. | |

Counsel,

During the ESI meet and confer discussion on 8/31/26, you specifically referenced certain information you believed we "already have" relevant to ESI , i.e. [redacted], as same was previously provide to the remand defendants. When we advised that we did not have any such defendants and asked that you produce what it is you were referring to, you agreed to send us same. I memorialized this in my notes at the time as well as my attached emails of 9/4 and 9/8. If you would like to discuss, please let me know.

The letters served regarding plaintiffs deficiencies and related ESI matters are not generic. Each letter contains individualized responses to the ESI follow-up questions sent by Ms. Livingston and each such letter is addressed to the respective counsel of record for each case. While there is certainly some overlap in information, a review of each such letter will confirm that same are individualized as to each such defendant.

For your convenience, attached hereto are the referenced ESI term protocols proposed to you on 8/31 and sent to you on 9/4 and 9/8, along with your/your team's responses to same. My clients each participated in a lengthy ESI conference with you on August 31, proposed the attached ESI protocol terms at that time, submitted same in writing twice, and await a response to such proposal. I am lead counsel for the 8 cases addressed and certainly have not agreed to any type of ESI protocol contingent upon defendants I do not represent. Again, I request individualized responses to my letters for each such defendant as the data, capabilities, form, format, proposed protocol terms, discovery exchange process, ESI information and process for discovery varies, hence the need for individualized ESI meetings with each such defendant. Where co-counsel is included in a case, kindly include such counsel in the respective specific response.

Again, I remain available to meet and confer to discuss at the times previously indicated.

Thank you,

GreenspoonMarder LLP

Kelly Magnus Purcaro, Esq.
Greenspoon Marder LLP
Partner
One Gateway Center, Suite 2600
Newark, NJ 07102
Direct Phone Number: (732) 456-8734
Office Phone Number: (732) 494-4800 ext. 3347
Cell Phone Number: (732) 690-4611
Email Address: Kelly.Purcaro@gmlaw.com
www.gmlaw.com

Mansfield Rule
Participating Law Firm
2024–2025

HONORED LISTEE
Est. 1898
MARQUIS Who'sWho
2023
125 YEARS

---

**From:** Rajiv D. Parikh, Esq. <rparikh@pemlawfirm.com>
**Sent:** Monday, September 21, 2026 10:51 PM
**To:** Melody Langley <Melody.Langley@gmlaw.com>; Jessica A. Merejo, Esq. <jmerejo@pemlawfirm.com>; Julia Livingston <jlivingston@pemlawfirm.com>; Adam Shaw <ashaw@bsfllp.com>; dkhazen <dkhazen@bsfllp.com>
**Cc:** Kelly Purcaro <Kelly.Purcaro@gmlaw.com>; Kory Ann Ferro <KoryAnn.Ferro@gmlaw.com>
**Subject:** Re: Atlas Data Privacy Corp. v. US Data Corp. - Case No. 1:24-cv-07324-HB [IMAN-ACTIVE.FID16520341]

Hi Counsel:

In response to all of your generic letters, Plaintiffs never agreed to produce discovery that was provided to remand defendants prior to receiving discovery requests from each of your clients. If you believe there is some basis to demand a production in advance of the Court ordered deadlines, then please let us know the Rule or authority you are relying upon.

With respect to the ESI protocol that you say you sent, I do not recall seeing that (although I may have missed it). We have prepared an ESI protocol but several defendants have still refused to set a time for an initial ESI conference so our distribution has been delayed. We will send that to lead defense counsel for aggregation of comments from other defense counsel.

Be guided accordingly.

Best,

Raj

---

**From:** Melody Langley <Melody.Langley@gmlaw.com>
**Sent:** Monday, 21 September 2026 19:57:51
**To:** Rajiv D. Parikh, Esq. <rparikh@pemlawfirm.com>; Jessica A. Merejo, Esq. <jmerejo@pemlawfirm.com>; Julia Livingston <jlivingston@pemlawfirm.com>
**Cc:** Kelly Purcaro <Kelly.Purcaro@gmlaw.com>; Kory Ann Ferro <KoryAnn.Ferro@gmlaw.com>; {F16520341}.ACTIVE@mail.cloudimanage.com <{F16520341}.ACTIVE@mail.cloudimanage.com>
**Subject:** Atlas Data Privacy Corp. v. US Data Corp. - Case No. 1:24-cv-07324-HB [IMAN-ACTIVE.FID16520341]

External Email

Dear Counsel:

Attached is correspondence in the referenced matter.

Thank you.

GreenspoonMarder LLP
Melody Langley, Legal Assistant
Greenspoon Marder, LLP
200 East Broward Blvd, Suite 1800
Fort Lauderdale, FL 33301
Office: 954-491-1120 ext. 1390
Direct: 954-527-2490
Melody.Langley@gmlaw.com
www.gmlaw.com

GREENSPOON MARDER LLP LEGAL NOTICE
The information contained in this transmission may be attorney/client privileged and confidential. It is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by reply e-mail.

Unless specifically indicated otherwise, any discussion of tax issues contained in this e-mail, including any attachments, is not, and is not intended to be, "written advice" as defined in Section 10.37 of Treasury Department Circular 230.

A portion of our practice involves the collection of debt and any information you provide will be used for that purpose if we are attempting to collect a debt from you.

**Kelly Purcaro**

| | |
|---|---|
| **From:** | Julia Livingston <jlivingston@pemlawfirm.com> |
| **Sent:** | Friday, September 11, 2026 12:03 PM |
| **To:** | Rajiv D. Parikh, Esq.; Kelly Purcaro; Jessica A. Merejo, Esq.; Adam Shaw; Fred Brunetti; Vito Gagliardi; Sarah Wisniewski |
| **Cc:** | Melody Langley; Kory Ann Ferro |
| **Subject:** | RE: ESI Conference Follow-Up |

Hi Kelly & Kory,

Following up on our ESI conference, below are some outstanding questions. I know that in house or co-counsel may be needed to answer, and to the extent we should do that on a phone call, please provide your availability early next week.

Overall we need further detail on the following information for all Defendants:

- What database(s) store Protected Information (home addresses and phone numbers)? How are those databases hosted (cloud, server), and how are they organized? Can the databases be exported, and in what format?
  - Are there historical versions of the database(s)?
- If an API is used, how does the query function work, and how does it access PI?
- Is that PI supplied by an upstream provider and then ingested?
  - Where is the raw data housed before it is ingested?
  - Are copies kept of that raw data? Where?
- How do users interact with the API system or other query function?
  - How does a user access PI (login, public, mailing list, etc.)?
  - Are there records of what PI is accessed? How are those records maintained?
- How do suppression tools work for each Defendant?
  - Does a third-party vendor handle redaction or suppression requests?
  - Is a suppression list maintained? Where?
  - Is the suppression automated or manual?
- Are any Defendants contesting receipt of the nondisclosure requests?
- Do any Defendants use AI tools or analytics in connection with PI?

DarkOwl

- How are DarkOwl's system backed up (on the call you said a backup is [redacted])?
- Please provide more detail on historical data housed in [redacted] (what is there, how long are records kept, etc.)?

<u>RedEx</u>

- Please provide information on whether RedEx [redacted].

<u>AccuZip</u>

- Please provide information on whether AccuZip [redacted].

- Please provide more detail on [redacted]

AGR

- Please provide information on whether AGR [redacted].

Searchbug

- Please provide information on whether SearchBug [redacted].

Please provide responses to the above, either in writing or on a call, by 9/17. We will send an ESI protocol under separate cover.

Best,

Julia

PEM LAW LLP

**Julia R. Livingston** (she/her/hers)
Email: jlivingston@pemlawfirm.com
Phone: 973.640.7659 | Mobile: 732.754.9308
One Boland Drive, Suite 101
West Orange New Jersey 07052
pemlawfirm.com

This e-mail, including any attachments, may contain confidential information which is attorney-client privileged, work product, proprietary in nature or otherwise protected by law from disclosure, as well as intended only for the use of the addressee(s) named within it. If you are not the intended recipient of this e-mail, or the person responsible for delivering this to the intended recipient, you are hereby notified that reading, copying, or distributing this message is prohibited. If you have received this e-mail in error, please immediately reply to the sender and take the steps necessary to delete the message completely from your computer system. Thank you.

---

**From:** Rajiv D. Parikh, Esq. <rparikh@pemlawfirm.com>
**Sent:** Friday, September 4, 2026 6:23 PM
**To:** Kelly Purcaro <Kelly.Purcaro@gmlaw.com>; Jessica A. Merejo, Esq. <jmerejo@pemlawfirm.com>; Adam Shaw <ashaw@bsfllp.com>; Julia Livingston <jlivingston@pemlawfirm.com>; Fred Brunetti <arbrunetti@pbnlaw.com>; Vito Gagliardi <vagagliardi@pbnlaw.com>; Sarah Wisniewski <sawisniewski@pbnlaw.com>
**Cc:** Melody Langley <Melody.Langley@gmlaw.com>; Kory Ann Ferro <KoryAnn.Ferro@gmlaw.com>
**Subject:** RE: ESI Conference Follow-Up

Kelly – can you please let me know about my prior message regarding the confidentiality designation of our discussion. It is important for us to understand if the information was disclosed to anyone else immediately.

We will review the below as applicable to all of your clients and then respond individually since you have indicated that there are co-counsel for some cases and those or others may present unique issues.

Thanks,

Raj

**From:** Kelly Purcaro <Kelly.Purcaro@gmlaw.com>
**Sent:** Friday, September 4, 2026 5:33 PM
**To:** Rajiv D. Parikh, Esq. <rparikh@pemlawfirm.com>; Jessica A. Merejo, Esq. <jmerejo@pemlawfirm.com>; Adam Shaw <ashaw@bsfllp.com>; Julia Livingston <jlivingston@pemlawfirm.com>; Fred Brunetti <arbrunetti@pbnlaw.com>; Vito Gagliardi <vagagliardi@pbnlaw.com>; Sarah Wisniewski <sawisniewski@pbnlaw.com>
**Cc:** Melody Langley <Melody.Langley@gmlaw.com>; Kory Ann Ferro <KoryAnn.Ferro@gmlaw.com>
**Subject:** ESI Conference Follow-Up

External Email

Counsel:

As discussed during our August 31, 2026, ESI Conference, we did not have any of the "remand" defendants and, as such do not have the discovery you referred to as previously produced for same. Kindly provide the referenced discovery.

In addition, as also discussed during that conference, my clients, particularly those who are using an ESI vendor for discovery review and production, suggest the parties comply with the below initial ESI protocol conditions. The below is not meant to an all-inclusive, and provided with the express reservation of the right to supplement and/or amend

Please advise if these terms are acceptable and if you have any additional suggestions or topics you would like us to consider. Please note, as of now, all my clients are seeking to receive information for review through a vendor, however at least one defendant, US Data, will be producing discovery without an ESI vendor.

- **Search Parameters and Pre-Culling**
  - **Deduplication:** The vendor shall globally deduplicate across custodians using MD5 or SHA-1 hashes, retain one review copy, and apply email threading.
  - **System Files:** The vendor shall use the standard NIST list to remove system files, executables, and unreviewable software noise.
  - **Keyword Limits:** No broad keyword culling shall occur before TAR 2.0.

- **Production Specifications**
  - **Vendor Delivery:** A qualified third-party vendor shall process, host, and deliver productions electronically through secure transfer.
  - **Native Default:** Spreadsheets, presentations, audio/video, and media exports shall be produced natively, where possible, to preserve functionality and metadata. Near native production where necessary.
  - **Image Option:** Other files may be produced as single-page Group IV TIFFs or searchable PDFs. The Receiving Party may request a native copy if imaging obscures data or impairs usability.
  - **Load Files:** Each production shall include a Concordance-format .DAT file containing the Exhibit C metadata fields and an .OPT image cross-reference file

- **TAR 2.0 / CAL Workflow**
  - The Producing Party shall use TAR 2.0 / CAL to rank documents through ongoing human review and coding. The model shall apply to all documents remaining after agreed date-range, file-type, deduplication, and other global filters. Keyword searches shall not exclude documents unless the parties agree in writing.
  - Qualified legal professionals, or reviewers supervised by counsel of record, shall make training decisions. The Producing Party shall use reasonable quality controls to ensure consistent coding and shall not manipulate inputs to suppress relevant documents.
  - Before making a material change likely to affect recall or validation, the Producing Party shall notify the Receiving Party and meet and confer. If urgent technical action is required, the Producing Party may implement the change first but shall provide prompt notice and meet and confer thereafter.

- **Stopping Criteria**
  - The Producing Party may stop CAL review when: (a) estimated recall is at least 80%; (b) the confidence level is 95% with no more than a 4% margin of error; (c) estimated elusion is no more than 5%; and (d) the lower-bound recall is at least 75%. The Producing Party shall then notify the Receiving Party. A party seeking different thresholds shall meet and confer before seeking Court relief.

- **Validation Methodology**
  - Before final closeout, the Producing Party shall test a statistically valid random sample of the unreviewed "null set." Validation must support at least 80% estimated recall at 95% confidence, with no more than a 4% margin of error and 5% estimated elusion.
  - The Producing Party shall disclose: (a) Data Universe size; (b) number of documents reviewed and identified as responsive; (c) null-set and sample sizes; (d) number of responsive sample documents; (e) estimated elusion; (f) estimated recall and range; (g) confidence level and margin of error; and (h) material limitations or coding issues. Validation fails if elusion exceeds 5%, recall is below 80%, or the lower bound of the 95% confidence interval is below 75%. If validation fails, the Producing Party shall retrain the model, resume review to stability, and repeat validation.

- **Privilege, Redactions, and Clawback**
  - The parties reserve all rights concerning privilege, work product, confidentiality, and redaction. Use of TAR 2.0 / CAL does not waive any protection. Inadvertent production shall be governed by the applicable [Protective Order]. Redacted native files may be produced as images with associated metadata and text necessary to preserve the redactions

- **Custodians, Date Ranges** – to be provided as follows:

| Custodian No. | Custodian Name / Role | Email Account(s) | Device / Source | Database / Repository | Start Date | End Date | Notes / Limitations |
|---|---|---|---|---|---|---|---|
| 1 | [Name / Role] | [Email Address(es)] | [Laptop / Mobile / Local Drive] | [Repository] | [Month Day, Year] | [Month Day, Year] | [Notes] |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| **2** | [Name / Role] | [Email Address(es)] | [Laptop / Mobile / Local Drive] | [Repository] | [Month Day, Year] | [Month Day, Year] | [Notes] |
| **3** | [Name / Role] | [Email Address(es)] | [Laptop / Mobile / Local Drive] | [Repository] | [Month Day, Year] | [Month Day, Year] | [Notes] |

- **Metadata Fields for Native Productions**– to be provided as follows:

| Field Name | Description / Requirement |
|---|---|
| **BegBates** | Beginning Bates number for the document or placeholder image. |
| **EndBates** | Ending Bates number for the document or placeholder image. |
| **BegAttach** | Beginning Bates number of the first document in the family group. |
| **EndAttach** | Ending Bates number of the last document in the family group. |
| **Custodian** | Primary custodian from whom the document was collected. |
| **AllCustodians** | All custodians associated with a globally de-duplicated document. |
| **NativeLink** | Relative path or file reference to the produced native file. |
| **TextLink** | Relative path or file reference to extracted text or OCR text. |
| **FileName** | Original file name. |
| **FileExtension** | Original file extension or normalized extension. |
| **FilePath** | Original source path or reasonably available collection path. |
| **FileSize** | File size in bytes. |
| **MD5Hash** | MD5 hash value, where available. |
| **SHA1Hash** | SHA-1 hash value, where available. |
| **EmailSubject** | Email subject line. |
| **From** | Email sender. |
| **To** | Email recipient(s). |
| **CC** | Copied recipient(s). |
| **BCC** | Blind-copied recipient(s), where available. |
| **DateSent** | Date and time the email was sent. |
| **DateReceived** | Date and time the email was received. |
| **DateCreated** | Document creation date, where available. |
| **DateModified** | Last modified date, where available. |
| **Author** | Document author metadata, where available. |
| **Title** | Document title metadata, where available. |
| **Confidentiality** | Applicable confidentiality designation. |
| **Redaction** | Indicates whether the document contains redactions. |

Finally, you indicated during the conference that you may need additional information from some of my clients. Kindly advise what additional information you are seeking, if any, and for which defendants.

Thank you,

GreenspoonMarder LLP
Kelly Magnus Purcaro, Esq.
Greenspoon Marder LLP
Partner
One Gateway Center, Suite 2600
Newark, NJ 07102
Direct Phone Number: (732) 456-8734
Office Phone Number: (732) 494-4800 ext. 3347
Cell Phone Number: (732) 690-4611
Email Address: Kelly.Purcaro@gmlaw.com
www.gmlaw.com

Mansfield Rule
Participating Law Firm
2024–2025
Powered by DIVERSITY LAB

HONORED LISTEE
Est. 1898
MARQUIS Who'sWho
2023
125 YEARS

GREENSPOON MARDER LLP LEGAL NOTICE
The information contained in this transmission may be attorney/client privileged and confidential. It is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by reply e-mail.

Unless specifically indicated otherwise, any discussion of tax issues contained in this e-mail, including any attachments, is not, and is not intended to be, "written advice" as defined in Section 10.37 of Treasury Department Circular 230.

A portion of our practice involves the collection of debt and any information you provide will be used for that purpose if we are attempting to collect a debt from you.