GreenspoonMarder LLP

Kelly Purcaro, Partner
One Gateway Center, Suite 2600
Newark, New Jersey 07102
Phone: 732.494.4800
Fax: 954.333.4222
Direct Phone: 732.456.8734
Direct Fax: 732.957.2298
Email: kelly.purcaro@gmlaw.com

November 13, 2026

**VIA ECF**
The Honorable Harvey Bartle III
United States District Court
Eastern District of Pennsylvania
James A. Byrne U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

**Re: Atlas Data Privacy Corp., et al. v. DarkOwl, LLC**
**Case No. 2:24-cv-10600**
**Response to Plaintiffs' November 10, 2026 Discovery Correspondence**

Dear Judge Bartle:

This firm, along with Raj Ferber PLLC, represent DarkOwl, LLC ("DarkOwl") in the above action. We write in response to Plaintiffs' November 10, 2026 correspondence (Doc. No. 124) and in preparation for the conference with Your Honor scheduled to proceed on November 16, 2026.

Your Honor's September 9, 2026 Order (Doc. No. 118) provided, at paragraph 6, "The parties thereafter *shall* meet and confer with respect to any objections or inadequate responses to the interrogatories or requests for production." *L. Civ. R.* 37.1(a) mandates: "Counsel *shall* confer to resolve any discovery dispute. Any such dispute not resolved shall be presented by telephone conference or letter to the Magistrate Judge." As such, Plaintiffs' letter should be disregarded as not having met the mandatory prerequisite of conferring with DarkOwl first. Plaintiffs made no effort whatsoever to meet and confer with respect to discovery.

In stark contrast, DarkOwl filed a letter with this Court (Doc. No. 119) after multiple, substantial efforts to meet and confer with Atlas on the ESI protocol, as Your Honor ordered, and as is required by *L. Civ. R.* 26.1(d)(3). Such efforts were detailed at length in DarkOwl's September 28, 2026 correspondence to the Court seeking guidance, a conference, and leave to proceed with motion if needed on the issue of an ESI protocol.[1] *See* Doc No. 119. When Plaintiffs failure and

---

[1] Plaintiffs, through their November 10, 2026 correspondence, seek to force all parties into a single ESI Protocol, treating all parties as if this were a class action. But this is not a class action nor are the cases consolidated. The defendants are different, their businesses are different, their defenses

refusal to properly meet and confer on this very issue persisted, DarkOwl was left no choice but to file a Motion for Entry of Order Regarding the Protocol for the Discovery of Electronically Stored Information, which is currently pending and returnable on December 7, 2026. *See* Doc No. 123.

In spite of being inhibited by the lack of an ESI protocol, DarkOwl has still produced 45,426 pages of discovery to date. Keeping in mind that Plaintiffs are seeking discovery respecting some 19,016 names who purportedly sent 47,059 takedown requests, such production has necessitated and will continue to require, countless man hours to identify, review, and produce such documents – as documented in DarkOwl's responses. DarkOwl is continuing to work in good faith to produce responsive documents; however, the entry of a tailored ESI protocol is essential to provide same.

Additionally, DarkOwl has continued to honor this Court's directive and the Local Rules' requirement to meet and confer regarding discovery matters. Specifically, on November 13, 2026, DarkOwl sent separate, detailed deficiency notices to Atlas, Mr. Colligan, and Mr. Andreyev regarding extensive deficiencies in their respective responses to both the coordinated and supplemental interrogatories and seeking to meet and confer regarding same. By way of example, Plaintiffs' deficiencies glaringly fail to properly respond by providing boilerplate objections and non-specific responses riddled with offers to meet and confer rather than provide substantive information as to DarkOwl.[2] Nonetheless, DarkOwl is properly making diligent efforts to engage in the meet and confer process before incumbering the Court with discovery matters.

To be sure, the items raised in Plaintiffs' letter are exactly the type that could be resolved through the meet and confer process, i.e., discovery request subparts and an ESI protocol. The latter of which DarkOwl has tried, exhaustively, to meet and confer with Plaintiffs about.

As to the discovery request subparts, Courts have routinely held that an answering party may cease answering discovery requests once the limit (including discrete subparts) has been exceeded. *See, e.g., Pulchalski v. Franklin Cnty.*, No. 15-CV-1365, 2017 WL 57143, at *1 (M.D. Pa. Jan. 5, 2017) (holding defendant did not have to answer interrogatories beyond the responses initially provided where 13 interrogatories amounted to as many as 65 independent inquiries); *Keel v. Delaware State Univ. Bd. of Trs.*, No. CV 17-1818-MN-SRF, 2021 WL 9649436, at *4 (D. Del. Mar. 30, 2021) (holding that plaintiff only need to respond to one part of a four-part interrogatory as the subparts would exceed the 25-interrogatory limit); *In re Anderson News, LLC*, 615 B.R. 45, 59 (Bankr. D. Del. 2020) ("The Court concludes that each subpart in Plaintiffs Interrogatory 4 is separate and discrete from the next and that Defendants are not required to answer any interrogatory beyond the twenty-fifth."). That being said, DarkOwl remains ready, willing, and

---

vary, their discovery responses differ, the information relevant to their claims is wide ranging, and, as such, they need different ESI protocols. This is not a one-size fits all.

[2] Plaintiffs' discovery responses are emblematic of their litigation tactics as evidenced by their most recent correspondence, i.e., disregarding this Court's directive to meet and confer and ignoring the Court's Order to "avoid boilerplate objections." *See* Order at 9.

able to meet and confer regarding this topic with Plaintiffs. Court intervention on this issue is premature.

In sum, DarkOwl has made good faith efforts to meet and confer regarding an ESI protocol and now has a motion outstanding regarding same. Court intervention is needed on this issue, but cannot be resolved by Plaintiffs' letter trying to impose one ESI protocol on all defendants. DarkOwl looks forward to the Court's consideration of its Motion. However, the subpart issue is premature, and Plaintiffs must meet and confer on this issue, as required, prior to burdening the Court.

We thank you for Your Honor's time and attention to this matter.

Respectfully submitted,

**GREENSPOON MARDER LLP**

By: /s/ *Kelly Magnus Purcaro*
Kelly Magnus Purcaro, Esq.
*Counsel for Defendant DarkOwl*

cc: All Counsel of Record Via ECF